668 F.2d 921
 109 L.R.R.M. (BNA) 2586, 73 A.L.R.Fed. 167,
92 Lab.Cas. P 13,190
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LOCAL UNION 633, UNITED ASSOCIATION OF JOURNEYMEN AND
APPRENTICES OF the PLUMBING AND PIPEFITTING
INDUSTRY OF the UNITED STATES AND
CANADA, AFL-CIO, Respondent.
 No. 80-1519.
 United States Court of Appeals,
Sixth Circuit.
 Submitted Nov. 30, 1981.
Decided Jan. 22, 1982.
 
 Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.
 Charles R. Isenberg, David Leightty, Louisville, Ky., for respondent.
 Before MARTIN and JONES, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this action, the NLRB seeks enforcement of an order requiring Local 633, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, to cease and desist from unfair labor practices under sections 8(b)(1)(A) and (2) of the National Labor Relations Act, 29 U.S.C. §§ 158(b)(1)(A) and (2).
 
 
 2
 Local 633 operates an exclusive hiring hall pursuant to a collective bargaining agreement with several employers in the Owensboro, Kentucky area. Before November, 1978, the hiring hall's referral service was apparently available to Local 633 members and non-members alike. In November, 1978, however, the union adopted a resolution whereby job referrals would be limited to applicants who had taken and passed a Local 633 "Membership Examination." In March, 1979, Local 633 again amended its hiring hall policy by adopting a system of four referral priorities. The first three priorities were reserved for applicants who had worked for specified periods of time under the union's "Working Agreement." "All other applicants" were relegated to the fourth and lowest referral priority.
 
 
 3
 The Charging Parties in this case are four non-union plumbers and pipefitters who obtained jobs through the Local 633 hiring hall in 1977 and 1978. Early in 1979 all four men were laid off. They returned to the hiring hall for job placements, but were refused referrals because of their non-union status. While the November-March hiring hall policy was in effect, three of the Charging Parties attempted to join Local 633; after delays of several months they were given "Membership Examinations" and assigned failing grades. The fourth, Bruce Wade, applied for work after the March policy amendment. He was placed in the lowest referral priority even though his work experience with a "Local 633 employer" qualified him for a higher classification.
 
 
 4
 An administrative law judge heard the four men's complaints and found that Local 633 operated its hiring hall in a manner which discriminated illegally against non-union job applicants. On April 25, 1980, the Board issued a cease and desist order. The union declined to obey this order and filed exceptions to the administrative law judge's findings concerning two of the charging parties, Bruce Wade and Lynn Himes.
 
 
 5
 It is undisputed that a union violates sections 8(b)(1)(A) and (2) of the Act if its exclusive hiring hall refuses to refer job applicants merely because those applicants are not union members. United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting Industry, Local 633, 178 N.L.R.B. 398 (1969), enforced, 436 F.2d 1386 (6th Cir. 1971); Ironworkers, Local 290, International Ass'n of Bridge, Structural and Ornamental Ironworkers, 184 N.L.R.B. 177 (1970), enforced, 443 F.2d 383 (6th Cir. 1971). The only question before us is whether the administrative law judge's finding that Local 633 did in fact discriminate against the charging parties on the basis of their non- union status is supported by "substantial evidence." We believe the administrative law judge was amply justified in his conclusions.
 
 
 6
 The record reveals that the "Membership Examinations" administered to three of the charging parties were not merely standard tests given to all membership applicants to ensure an acceptable level of competency. On the contrary, the evidence demonstrated that the exams in question were exceptionally difficult. For example, Mr. Himes, who was attempting to qualify as a journeyman, was asked several questions normally reserved for the more demanding master plumber's test. Furthermore, Local 633 does not require "competency tests" of all prospective members-members gained during a union organizing campaign are exempt from any form of examination.
 
 
 7
 The union asserts, correctly, that the system of referral priorities adopted in March, 1979, is not per se illegal. Interstate Electric Company, 227 N.L.R.B. 1996 (1977). This argument, however, misses the point. The administrative law judge found that Local 633 administered perfectly legal rules in an illegal, discriminatory manner. This finding is appropriate in light of the evidence concerning Mr. Wade's placement in the lowest classification despite his qualifications for a higher priority.
 
 
 8
 The record in this case contains substantial evidence to support the administrative law judge's conclusion that Local 633 discriminated against non-member applicants. Accordingly, we grant enforcement of the Board's cease and desist order.